JUDGE TORRES

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

GULFSTREAM AEROSPACE CORPORATION )

    Plaintiff, )

    v. )

AVILOOP LLC )
and NADIA MARCINKO )

    Defendants. )

**13 CV 8203**

Civil Action No. _____

**JURY TRIAL DEMANDED**

NOV 18 2013

U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff Gulfstream Aerospace Corporation ("Gulfstream") alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## INTRODUCTION

Gulfstream owns the world-famous GULFSTREAM trademark for aircraft and related products and services. Defendants are using the GULFSTREAM mark without authorization as part of a misleading marketing campaign designed for commercial gain. In particular, Defendants are profiting and/or intend to profit by creating a false association with Gulfstream through use of the confusingly similar GULFSTREAM GIRL mark, and by leveraging that false association to endorse and/or sell aviation-related products and services under the GULFSTREAM GIRL mark.

## NATURE OF THE CASE

1.    This is an action for trademark infringement, trademark dilution, unfair competition, cybersquatting, and deceptive and unlawful trade practices under the Lanham Act,

15 U.S.C. § 1051, *et seq.*; New York Gen. Bus. Law § 360-l; and/or common law. Gulfstream

brings this action seeking equitable relief and damages based on Defendants' unauthorized use of

Gulfstream's famous GULFSTREAM mark in connection with the advertising and sale of

products and services relating to aircraft, aviation, and piloting in violation of Gulfstream's

trademark rights in and to that mark for identical and/or related products and services.

## THE PARTIES

2.      Gulfstream is a Georgia corporation with a place of business at 500 Gulfstream

Road, Savannah, Georgia 31407.

3.      Defendant Aviloop LLC ("Aviloop") is a Delaware limited liability company with

a place of business at 909 Third Avenue, Fifth Floor, New York, New York 10022, and a

registered address at 1521 Concord Pike, Suite 301, Wilmington, Delaware 19803.

4.      Defendant Nadia Marcinko is an individual with an address at 301 E. 66th St., Apt

11E, New York, New York 10065. Upon information and belief, Defendant Marcinko is the

founder and CEO of Defendant Aviloop.

## JURISDICTION AND VENUE

5.      This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et. seq.*, and

the related law of the state of New York. This Court has jurisdiction over the subject matter of

this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Because the

parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of

interest and costs, this Court also has jurisdiction under 28 U.S.C. § 1332. This Court has

supplemental jurisdiction over Gulfstream's state law claims pursuant to 28 U.S.C. § 1367(a)

because those claims are substantially related to Gulfstream's federal claims.

6. This Court has personal jurisdiction over Defendants and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are located in this District, Defendants conduct business in this District, and a substantial part of the activity about which Gulfstream complains has taken place, and is continuing to take place, in this District.

## GULFSTREAM, ITS PRODUCTS AND SERVICES, AND ITS FAMOUS GULFSTREAM TRADEMARK

7. Gulfstream has been in the aerospace business for more than 50 years. It has long been one of the leading providers of high quality aircraft to individuals, businesses, government units, and others in the United States.

8. Since at least as early as 1959, Gulfstream has used the GULFSTREAM trademark and trade name as its corporate identity and flagship brand in connection with aircraft and related products and services.

9. Gulfstream owns the following valid and subsisting United States trademark registrations for the GULFSTREAM mark:

| Mark | Reg. No. Reg. Date App. Date | First Use in Commerce | Products / Services |
|------|------------------------------|-----------------------|---------------------|
| GULFSTREAM | 1162644 July 28, 1981 July 16, 1979 | June 23, 1959 | Airplanes |
| GULFSTREAM | 4295794 February 26, 2013 August 22, 2012 | June 23, 1959 | Aircraft manufacturing, repair, refurbishment and maintenance services; Flight safety, aircraft maintenance and technical training classes related |

| Mark | Reg. No. Reg. Date App. Date | First Use in Commerce | Products / Services |
|---|---|---|---|
| | | | to aircraft; Aircraft inspection services |
| GULFSTREAM II | 1162645 July 28, 1981 July 16, 1979 | December 6, 1967 | Airplanes |
| GULFSTREAM III | 1185670 January 12, 1982 April 4, 1980 | October 18, 1979 | Airplanes |
| GULFSTREAM AEROSPACE | 1356473 August 27, 1985 June 29, 1983 | May 31, 1983 | Airplanes |
| GULFSTREAM V | 1844326 July 12, 1994 October 1, 1993 | November 30, 1992 | Airplanes |
| GULFSTREAM | 2297843 December 7, 1999 August 6, 1998 | January 1, 1981 | Berets, caps, cardigans, hats, knit shirts, neckties, raincoats, rainwear, sport shirts, sweaters, T-shirts, visors, wind resistant jackets |
| GULFSTREAM | 2313514 February 1, 2000 August 6, 1998 | January 1, 1981 | Model airplanes, stuffed toy animals, golf bag tags |
| GULFSTREAM | 2305715 January 4, 2000 August 6, 1998 | January 1, 1981 | Beverage glassware, coffee cups, plastic cups |
| GULFSTREAM | 2297845 December 7, 1999 August 6, 1998 | January 1, 1981 | Albums for photographs, ball-point pens, banners made of paper, guide books in the field of airplanes and aviation, reference books in the field of airplanes and aviation, bumper stickers, calendar desk pads, calendars, greeting cards, note paper, |

| Mark | Reg. No.<br>Reg. Date<br>App. Date | First Use in Commerce | Products / Services |
|---|---|---|---|
| | | | coasters made of paper, color prints, diaries, gift cards, gift wrapping paper, lithographs, magazines featuring airplanes and aviation, paper napkins, paintings, pens, postcards, rubber stamps |
| GULFSTREAM FAST | 4373063<br>July 23, 2013<br>September 6, 2011 | October 10, 2011 | Field and airborne support services for private jets, namely, providing information and advice in the field of aircraft maintenance and repair |

Copies of these registrations are attached as Exhibit 1.

10.    The registrations listed in Paragraph 9 above constitute *prima facie* evidence and/or conclusive proof of Gulfstream's ownership of and exclusive rights to use those marks in connection with the products and services recited in the registrations.

11.    Gulfstream owns and operates its official website at www.gulfstream.com, which has been registered and used by Gulfstream in connection with its sale of aircraft and related products and services for over a decade.

12.    Gulfstream, itself and through its suppliers, offers flight training services in connection with the GULFSTREAM mark, both in live flight and in flight simulators.

13.    Gulfstream regularly attends and exhibits at air shows and other aviation-industry trade shows as part of its marketing and promotional efforts under the GULFSTREAM mark.

14.    Gulfstream sells and/or offers for sale GULFSTREAM-branded merchandise, including to the general public at its online store at www.gulfstreamstore.com and to authorized visitors to its facilities in Savannah, Georgia; Long Beach, California; and Dallas, Texas.

15.   Gulfstream has established considerable and valuable trademark rights and goodwill in the GULFSTREAM mark by virtue of its long use and registration of that mark, its substantial promotional and marketing efforts, the substantial sales of products and services offered under that mark, and the widespread third-party acclaim and attention enjoyed by the GULFSTREAM mark.

16.   Revenues generated from products and services offered, sold, and advertised in connection with the GULFSTREAM mark over the years have been substantial, i.e., billions of dollars.

17.   Gulfstream has also expended many millions of dollars over the years advertising and promoting its products and services under the GULFSTREAM mark.

18.   As a result of Gulfstream's long and extensive use of the GULFSTREAM mark, and the significant sales, promotion, advertising, third-party acclaim, and commercial success under that mark, the GULFSTREAM mark has achieved such widespread public exposure and recognition that it possesses a high degree of distinctiveness and has been well-known and famous in the United States for many years.

## DEFENDANTS' UNLAWFUL ACTIVITIES RELATING TO THE FAMOUS GULFSTREAM MARK

19.   Marcinko markets herself as "Gulfstream Girl"—in connection with her Aviloop business and otherwise—including on a number of aviation and/or Gulfstream-related web pages and social media accounts, and at air shows and aviation-industry events.

20.   On information and belief, Marcinko leverages her recognition as GULFSTREAM GIRL for pecuniary gain.

21.   On information and belief, Marcinko created a page on the popular Facebook

website under the name "Gulfstream Girl" (www.facebook.com/GulfstreamGirl), where she posts photographs of Gulfstream aircraft, distributes information relating to Gulfstream aircraft, "shares" Gulfstream's *official* Facebook posts, relays job postings at Gulfstream, and interacts with thousands of other Facebook users in publicly available discussions regarding Gulfstream and its products. Macinko also posts information and photographs relating to her attendance (as "Gulfstream Girl") at air shows and other aviation-industry trade shows, including photographs of herself standing in front of Gulfstream's official exhibit at such shows.

22.   As of November 18, 2013, the GULFSTREAM GIRL Facebook page has over 77,000 "Likes" by other Facebook users and includes thousands of "Shares" and "Comments."

23.   On information and belief, Marcinko, under the GULFSTREAM GIRL moniker, regularly interacts with the public on the Facebook page, including leading online discussions and holding contests relating to Gulfstream and its products, and posting pictures and information relating to aviation submitted to her by third parties.

24.   In the context of Marcinko's Gulfstream-focused Facebook page, including the use of official Gulfstream content, Macinko's use of the GULFSTREAM GIRL moniker undoubtedly creates a false impression of sponsorship or endorsement by Gulfstream, or an affiliation with Gulfstream.

25.   Moreover, on information and belief, Macinko posts commercial content and/or links to commercial content on the GULFSTREAM GIRL Facebook page, including GULFSTREAM GIRL endorsements of third-party products and services as discussed below.

26.   Marcinko's GULFSTREAM GIRL Facebook page contains a link to the Aviloop commercial website at www.aviloop.com.

27. On information and belief, the GULFSTREAM GIRL Facebook page also includes public posts by Marcinko under the GULFSTREAM GIRL moniker endorsing third-party products and services relating to aviation and piloting, including flight bags, flight lessons, and sunglasses. Some of these endorsements include pricing information, including special GULFSTREAM GIRL discounts, and/or photographs of Marcinko holding or posing with the third-party products.

28. In addition to explicit online endorsements, Marcinko, on information and belief, created a GULFSTREAM GIRL branded sticker with a GULFSTREAM GIRL LIKES THIS airplane design logo as shown below, which she purportedly leaves at trade show exhibitions to signal her endorsement of products at those exhibitions.



29. According to the GULFSTREAM GIRL Facebook page, Marcinko also distributes the GULFSTREAM GIRL branded posters and stickers shown below at air shows and industry trade shows.



30.    Marcinko, on information and belief, also created a Twitter account prominently featuring the GULFSTREAM GIRL mark (under the Twitter username @1GulfstreamGirl), on which she publically posts content identical or similar to the content posted on the GULFSTREAM GIRL Facebook account.  On information and belief, Marcinko also uses the GULFSTREAM GIRL Twitter page to "retweet" certain official Gulfstream "tweets."

31.    The GULFSTREAM GIRL Twitter page references Aviloop and contains the same type of endorsements of third-party products as the GULFSTREAM GIRL Facebook account (e.g., an endorsement of a particular brand of pilot headsets).

32.    On information and belief, Marcinko also created a page on the popular video-sharing web site YouTube, which prominently displays the GULFSTREAM GIRL mark along with aviation-related videos.

33.    Like the GULFSTREAM GIRL Facebook and Twitter pages, the GULFSTREAM GIRL YouTube page references the Aviloop company.  The YouTube page includes links to the GULFSTREAM GIRL Facebook web page and the Aviloop website.

34.    On information and belief, one of the primary end-games of Marcinko's aggressive promotion of the GULFSTREAM GIRL mark across several mediums, including her social media and trade show marketing, is to draw attention and potential customers to her Aviloop business.

35.    On information and belief, Aviloop sells and/or offers for sale on its website "deals" (i.e., purported price discounts) relating to flight lessons, flight simulator rides, jet fuel, small aircraft, and other aviation-related goods or services. The "deals" may be purchased online directly from the Aviloop website. If a minimum number of users purchase a particular "deal," the transactions are finalized and Aviloop sends a voucher directly to the purchasers.

36.    Aviloop touts its connection to Marcinko and the GULFSTREAM GIRL brand. The Aviloop website prominently displays the GULFSTREAM GIRL mark on a number of pages throughout the website. For example, the "About" page references Marcinko as GULFSTREAM GIRL and includes a link to the GULFSTREAM GIRL Facebook page. The "FAQ" page includes a section entitled "Who is Gulfstream Girl?," which discusses Marcinko's purported background as a "commercial Gulfstream pilot" and provides a link to the GULFSTREAM GIRL Facebook page.

37.    The Aviloop website invites customers and potential customers to register for an account with Aviloop, subscribe to a newsletter, and/or purchase the aviation-related "deals" sold by Aviloop after registering for an Aviloop account.

38.    The Aviloop website is a highly interactive commercial website allowing users to purchase aviation-related products and services. On information and belief, the Aviloop website is accessible throughout the United States, including in this District, and Aviloop targets

customers throughout the United States.  The Aviloop website specifically references New York

as a location for its deals and thus appears to specifically target New York consumers.

39.    On information and belief, Defendants attempt to attract third-party businesses to

participate in Aviloop's "deal" services by offering access to Aviloop's current and future

members.  The Aviloop website explains:

### What's in it for my business if I run a promotion on Aviloop?

There is so much! You get a lot of new business with opportunities
to upsell. Once you provide your new customers with great service,
you will turn them into loyal clients who spread the word. The
opportunities for your business are unlimited.

You get exposure for your company to thousands of pilots, aircraft
owners and aviation enthusiasts with $0 upfront cost.

Our collective buying model guarantees volume at your business.
You set the minimum number of buyers to ensure you get the sales
volume you want and create terms that work best for you.
We bring you new customers, as well as encourage your existing
customers to try new services and spread the word to their friends.
We reward all member referrals at no cost to you.
This is a win-win scenario for you: you either get lots of new
business or completely free marketing and advertisement. It's
completely risk free. There is no catch!

...

### Who are the Aviloop members?

If you are involved in aviation, our members are your target
audience: licensed and aspiring pilots, aircraft owners and aviation
enthusiasts with disposable income.

Because our members are already interested in aviation, your
chances of acquiring returning, loyal customers are much higher
with us than any other daily deal website. We don't show your
promotion to random people who subscribe for restaurant or spa
deals and just take advantage of a cheap flying lesson. Not at
Aviloop. We only offer aviation deals. Our members are true
aviation enthusiasts - they want to fly, learn, shop, travel and try

new pilot gadgets. We are very proud of our members. There is just
something special about aviators.

40.     On information and belief, Aviloop earns a commission on each "deal" sold, as

explained by the Aviloop website:

### What's in it for Aviloop?

Besides the warm fuzzy feeling we get from boosting general
aviation businesses, Aviloop gets a commission from the proceeds
of each deal. We collect this share of revenue only if your
promotion takes off. There is no other cost associated with running
a promotion on Aviloop. It is in our interest to help you succeed
and you can bet we will. We want you to love Aviloop and work
with us again. Once you see how cost effective this type of
marketing is for you, we are confident you will be back.

41.     On information and belief, Defendants profit and/or intend to profit by creating a

false association with Gulfstream through their use of the GULFSTREAM GIRL mark and

leveraging their access to the many GULFSTREAM GIRL followers in the aviation world in two

primary ways. First, Defendants expose those consumers to the explicit GULFSTREAM GIRL

endorsements of third-party products and services online and at trade shows. Second,

Defendants expose those consumers to the Aviloop business and encourage them to become

Aviloop "members." Those "members" become the pool of potential customers that Aviloop

hawks to third-party businesses. Defendants then directly profit from each "deal" sold on the

Aviloop website.

42.     On information and belief, Defendants also registered and use and/or intend to use

the <gulfstreamgirl.com> domain name (the "Domain Name") to further their unlawful activities

described above. The Domain Name connects to a web page which includes, on information and

belief, a photograph of Marcinko standing in front of a Gulfstream airplane, and displays the

GULFSTREAM GIRL mark and airplane design logo as shown below:




43. On information and belief, the www.gulfstreamgirl.com website appears to be under construction, but it allows visitors to subscribe to an email list to receive an announcement regarding the launch of the website. The website also touts "Special offers," which may relate to the "deals" sold by Aviloop.

44. According to the GoDaddy WHOIS service, the owner of the www.gulfstreamgirl.com website is Domains By Proxy, LLC—a privacy service, which shields the registrant's identity. The website's copyright notice, however, lists "Aviloop, Inc." as the owner.

45. On information and belief, Defendants target the same customers as Gulfstream, namely, Gulfstream enthusiasts and aviation enthusiasts generally, through the same trade channels, including the Internet, air shows, and aviation-industry trade shows.

46. Defendants continued to use the GULFSTREAM mark without authorization after

being approached by Gulfstream and put on notice of Gulfstream's rights. In particular, a Gulfstream representative spoke with Marcinko by telephone in or around September 2013 and requested that Marcinko cease use of the GULFSTREAM GIRL name and mark. Another Gulfstream representative spoke with Marcinko by telephone on or around November 3, 2013, again requesting that Marcinko cease use of the GULFSTREAM GIRL name and mark. Further, on November 7, 2013, counsel for Gulfstream sent a letter to Marcinko requesting, among other things, that Marcinko cease use of the GULFSTREAM GIRL name and mark. Marcinko, however, has not complied with Gulfstream's requests.

47.    On information and belief, Defendants continue to use the GULFSTREAM mark without authorization in violation of Gulfstream' rights.

## INJURY TO GULFSTREAM AND THE PUBLIC

48.    Defendants' actions described above have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Gulfstream, the GULFSTREAM mark, and Gulfstream's hard-earned reputation and goodwill associated with the GULFSTREAM mark. Defendants' actions also substantially damage the public's interest in being free from confusion as to the source, sponsorship, or affiliation of Defendants' products and services and/or third-party products and services promoted or endorsed by Defendants.

49.    Defendants' use of the GULFSTREAM GIRL mark and the Domain Name is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' products, services, and commercial activities and/or third-party products, services, and commercial activities promoted or endorsed by Defendants, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendants and/or endorsed third parties and their products

- 14 -

and services with Gulfstream and/or its products and services.

50.    Defendants' use of the GULFSTREAM GIRL mark and the Domain Name is likely to dilute the distinctiveness of the famous GULFSTREAM mark.

51.    On information and belief, Defendants were aware of Gulfstream's prior rights in its famous GULFSTREAM mark before adopting the infringing and diluting GULFSTREAM GIRL mark and registering or using the Domain Name. Further, Defendants, after being placed on express notice of their infringement of Gulfstream's rights, have continued, and expanded, their use and promotion of those unlawful identifiers. Defendants have thus acted willfully with respect to Gulfstream's rights.

52.    Gulfstream has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement Under Section 32(a)
### of the Lanham Act, 15 U.S.C. § 1114(a)

53.    Gulfstream hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 52 of this Complaint.

54.    Without Gulfstream's consent, Defendants used and continue to use in commerce reproductions, copies, and/or colorable imitations of Gulfstream's registered GULFSTREAM mark in connection with the offering, sale, and advertising of products and services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55.    On information and belief, the actions of Defendants described above have at all times relevant to this action been willful.

56.    As a direct and proximate result of the actions of Defendants alleged above,

Gulfstream has been damaged and will continue to be damaged.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation
### of Origin, and Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

57.    Gulfstream repeats and realleges each and every allegation set forth in paragraphs 1

through 56 of this Complaint.

58.    Defendants' actions described above are likely to cause confusion, mistake, or

deception as to the origin, sponsorship, or approval of Defendants' products, services, and

commercial activities and/or third-party products, services, and commercial activities promoted

or endorsed by Defendants under the GULFSTREAM GIRL mark, and thus constitute trademark

infringement, false designation of origin, and unfair competition in violation of Section

43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

59.    On information and belief, the actions of Defendants described above have at all

times relevant to this action been willful.

60.    As a direct and proximate result of the actions of Defendants alleged above,

Gulfstream has been damaged and will continue to be damaged.

## THIRD CLAIM FOR RELIEF
### Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

61.    Gulfstream repeats and realleges each and every allegation set forth in paragraphs 1

through 60 of this Complaint.

62.    Based on the distinctiveness of the GULFSTREAM mark; the duration and extent

of use of that mark; the duration and extent of advertising featuring that mark; the geographic

area in which Gulfstream has sold and advertised services and products featuring that mark; the

nature of the trade channels Gulfstream uses to market services and products featuring that mark

compared to the trade channels through which Defendants sell and intend to sell their services;

the degree of public recognition of that mark; and the federal registrations of that mark, the

GULFSTREAM mark has become famous, as that term is used in Section 43(c) of the Lanham

Act, and has been famous for many years.

63.    Defendants' actions described above, all occurring after the GULFSTREAM mark

became famous, are likely to cause dilution of the famous GULFSTREAM mark in violation of

Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

64.    On information and belief, the actions of Defendants described above have at all

times relevant to this action been willful.

65.    As a direct and proximate result of the actions of Defendants alleged above,

Gulfstream has been damaged and will continue to be damaged.

### FOURTH CLAIM FOR RELIEF
Cybersquatting
Under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

66.    Gulfstream repeats and realleges each and every allegation set forth in paragraphs

1 through 65 of this Complaint.

67.    On information and belief, Defendants have registered and/or used the Domain

Name with a bad-faith intent to profit from Gulfstream, its famous GULFSTREAM mark, and/or

the reputation and goodwill associated with each.

68.    Gulfstream's famous GULFSTREAM mark was distinctive and famous at the

time Defendants registered and/or used the Domain Name.

69.    Gulfstream's famous GULFSTREAM mark was federally registered at the U.S.

Patent and Trademark Office at the time Defendants registered and/or used the Domain Name.

70.     The Domain Name is identical to, confusingly similar to, and/or dilutive of

Gulfstream's famous GULFSTREAM mark.

71.     On information and belief, one or both of the Defendants are the registrant and/or

authorized controller or user of the Domain Name.

72.     Defendants' actions described above constitute cybersquatting in violation of

Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

73.     On information and belief, the actions of Defendants described above have at all

times relevant to this action been willful.

74.     As a direct and proximate result of the actions of Defendants alleged above,

Gulfstream has been damaged and will continue to be damaged.

## FIFTH CLAIM FOR RELIEF
## Trademark Dilution
## Under N.Y. Gen. Bus. Law § 360-l

75.     Gulfstream repeats and realleges each and every allegation set forth in paragraphs

1 through 74 of this Complaint.

76.     Based on the distinctiveness of the GULFSTREAM mark; the duration and extent

of use of that mark; the duration and extent of advertising featuring that mark; the geographic

area in which Gulfstream has sold and advertised services and products featuring that mark; the

nature of the trade channels Gulfstream uses to market services and products featuring that mark

compared to the trade channels through which Defendants sell and intend to sell their services;

the degree of public recognition of that mark; and the federal registrations of that mark, the

GULFSTREAM mark has been famous and distinctive for many years and continues to be

famous and distinctive.

77.     Defendants' actions described above, all occurring after the GULFSTREAM mark

became famous and distinctive, are likely to cause dilution of the GULFSTREAM mark in

violation of N.Y. Gen. Bus. Law § 360-l.

78.     On information and belief, the actions of Defendants described above have at all

times relevant to this action been willful.

79.     As a direct and proximate result of the actions of Defendants alleged above,

Gulfstream has been damaged and will continue to be damaged.

## SIXTH CLAIM FOR RELIEF
## Common Law Trademark Infringement

80.     Gulfstream repeats and realleges each and every allegation set forth in paragraphs

1 through 79 of this Complaint.

81.     Defendants' actions described above constitute common law trademark

infringement under the common law of New York and other states.

82.     On information and belief, the actions of Defendants described above have at all

times relevant to this action been willful.

83.     As a direct and proximate result of the actions of Defendants alleged above,

Gulfstream has been damaged and will continue to be damaged.

## SEVENTH CLAIM FOR RELIEF
## Common Law Unfair Competition and Misappropriation

84.     Gulfstream repeats and realleges each and every allegation set forth in paragraphs

1 through 83 of this Complaint.

85.     Defendants' actions described above constitute common law unfair competition

and misappropriation of Gulfstream's goodwill under the common law of New York and other states. Defendants' acts have resulted in the "passing off" of Defendants' products and services as somehow related to or associated with, or sponsored or endorsed by, Gulfstream.

86. On information and belief, the actions of Defendants described above have at all times relevant to this action been willful.

87. As a direct and proximate result of the actions of Defendants alleged above, Gulfstream has been damaged and will continue to be damaged.

## EIGHTH CLAIM FOR RELIEF
### Unjust Enrichment

88. Gulfstream repeats and realleges each and every allegation set forth in paragraphs 1 through 87 of this Complaint.

89. By their conduct described above, Defendants have unjustly retained a benefit to the detriment of Gulfstream, and such benefit violates fundamental principles of justice, equity, and good conscience.

90. On information and belief, the actions of Defendants described above have at all times relevant to this action been willful.

91. As a direct and proximate result of the actions of Defendants alleged above, Gulfstream has been damaged and will continue to be damaged.

## PRAYER FOR RELIEF

WHEREFORE, Gulfstream prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.   An Order declaring that Defendants' use of the GULFSTREAM GIRL mark and the Domain Name infringes the GULFSTREAM mark, is likely to dilute the GULFSTREAM mark, and constitutes cybersquatting, unfair competition, and deceptive and unlawful trade practices under federal and state law, as detailed above;

B.   An injunction permanently enjoining Defendants and their employees, officers, directors, principals, subsidiaries, related companies, and all persons in active concert or participation with any of them:

    1.   From using or registering any mark, domain name, or other source identifier that comprises or contains the wording GULFSTREAM GIRL or any other designs, logos, or marks that are confusingly similar to or likely to dilute the GULFSTREAM mark;

    2.   From representing by any means whatsoever, directly or indirectly, that Defendants, any products or services offered by Defendants, or any activities undertaken by Defendants, are associated or connected in any way with Gulfstream; and

    3.   From assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs B(1) and (2) above;

C.   An Order directing Defendants to immediately destroy or permanently alter all web pages, social media pages and accounts, social media names, user names, posters, stickers, newsletters, videos, merchandise, displays, brochures, catalogs, manuals, forms, stationery, signage, advertising and promotional materials and items, and any other materials and things that

bear or display the GULFSTREAM GIRL mark, or any other designs, logos, or marks that are confusingly similar to or likely to dilute the GULFSTREAM mark;

D.      An Order directing Defendants to transfer to Gulfstream the Domain Name and all other domain names they own or control that contain or are identical or confusingly similar to or dilutive of Gulfstream's GULFSTREAM mark;

E.      An Order directing Defendants to file with this Court and serve on Gulfstream's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

F.      An Order requiring Defendants to account for and pay to Gulfstream any and all profits arising from Defendants' unlawful activities described above, and that such profits be increased in accordance with 15 U.S.C. § 1117 and other applicable laws;

G.      An Order requiring Defendants to pay Gulfstream actual and compensatory damages in an amount as yet undetermined caused by Defendants' unlawful activities described above, and trebling such compensatory damages for payment to Gulfstream in accordance with 15 U.S.C. § 1117 and other applicable laws;

H.      An Order requiring Defendants to disgorge to Gulfstream any and all unjustly-gotten gains by virtue of its unlawful activities described above;

I.      An Order, awarding Plaintiff compensatory, punitive, exemplary and/or statutory damages in an amount to be determined at trial;

J.      An Order requiring Defendants to pay Gulfstream's costs and attorneys' fees in an amount as yet undetermined under 15 U.S.C. § 1117 and other applicable laws; and

K.      Other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Gulfstream demands trial by jury in this action of all issues triable by jury in this matter.

Dated: November 18, 2013

Respectfully submitted,

Alan R. Friedman, Esq. (AF1513)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, New York 10022-2585
Phone (212) 940-8516
Fax: (212) 894-5616
alan.friedman@kattenlaw.com

and

Roger P. Furey, Esq. (RF0417)
Michael R. Justus, Esq. (MJ4290)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street N.W.
North Tower, Suite 200
Washington, D.C.  20007-5118
Phone (202) 625-3500
Fax (202) 298-7570
roger.furey@kattenlaw.com
michael.justus@kattenlaw.com
*pro hac vice applications forthcoming*

*Attorneys for Plaintiff Gulfstream Aerospace Corporation*